UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESSCAP CO., LTD., <br><br> Plaintiff, <br> v. <br><br> MAXWELL TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 07cv0704-JLS (BLM) <br><br> **ORDER GRANTING NESSCAP CO. LTD.'S MOTION TO COMPEL** <br><br> **[Doc. No. 36]** |

Presently before the Court is Plaintiff NessCap Co., Ltd.'s ("NessCap") motion to compel compliance with Patent Local Rule 3.4(a). Doc. No. 36. NessCap filed its motion on December 14, 2007, pursuant to an expedited briefing schedule issued by this Court [Doc. No. 35]. Defendant Maxwell Technologies, Inc. ("Maxwell") timely opposed the motion [Doc. No. 37] and NessCap filed its reply on December 28, 2007 [Doc. No. 38]. The Court found the motion suitable for decision on the papers and took the matter under submission pursuant to Civil Local Rule 7.1(d)(1). Doc. No. 35.

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, NessCap's motion to compel [Doc. No. 36] is **GRANTED**.

///

# BACKGROUND

NessCap initiated this patent infringement action on December 14, 2006, alleging Maxwell's infringement of NessCap patent number 6,743,544 ("the '544 patent"). Doc. No. 1 (case transferred from the District of Delaware). In its complaint, NessCap alleges that Maxwell has infringed the '544 patent through its manufacture and sale of Boostcap® ultracapacitors. Id. Maxwell has asserted defenses of noninfringement and invalidity, among others. Id.

On June 13, 2007, this Court issued an Amended Case Management Conference Order in this case. Doc. No. 17. Paragraphs 2 and 3 of that order required Maxwell to serve its preliminary invalidity contentions on NessCap on or before October 19, 2007, along with the documents required by Patent Local Rule 3.4(a)[1]. Maxwell timely served its preliminary invalidity contentions, but NessCap argues that Maxwell's accompanying document production failed to comply with Patent Local Rule 3.4(a) and Paragraph 3 of this Court's Order.

///
///
///

---

[1] Paragraph 3(a) of the Amended Case Management Conference Order issued in this case on June 13, 2007, mirrors the language of Patent Local Rule 3.4(a), stating:

> 3. **Document Production Accompanying Preliminary Invalidity Contentions.** With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:
>
> a. Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and Preliminary Infringement Contentions;"

Doc. No. 17 (June 13, 2007 Amended Case Management Conference Order).

**LEGAL STANDARD**

The instant dispute centers around the scope of the production requirement imposed by Patent Local Rule 3.4(a), which applies to patent cases proceeding before the United States District Court for the Southern District of California. Patent Local Rule 3.4 provides:

> With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:
>
> a.  Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspect or elements of any Accused Instrumentality identified by the patent claimant in its Patent L.R. 3.1c chart; . . .

Patent L.R. 3.4(a).

This Court's Patent Local Rules are relatively new and, as a result, there is a dearth of binding precedent addressing the scope and application of Patent Local Rule 3.4(a). Accordingly, because the Southern District's Patent Local Rule 3.4(a) is similar in all material respects to the corresponding patent local rules promulgated by the Northern District of California and the Northern District of Georgia, this Court relies on published and unpublished precedent from these courts as persuasive authority. In <u>Cryptography Research, Inc. v. Visa Int'l Serv. Assoc.</u>, 2005 WL 1787421 (N.D. Cal. 2005), the Northern District of California explained that patent local rules "are not like other forms of discovery which require a formal request by the opposing party. Rather, it is the responsibility of the party itself to make disclosures that satisfy the [r]ules." Additionally, the court construed its patent local rule 3-4(a), which is identical to this Court's Patent Local Rule 3.4(a), as requiring the alleged infringer to turn over "any and all documents describing the operation or structures of [the patentee's] accused devices. . . ." <u>IXYS Corp. v. Advanced Power</u>

Tech., Inc., 2004 WL 1368860, *3 (N.D. Cal. 2004).

The Northern District of Georgia has explained that what is sufficient to show the operation of the accused device will vary depending on the technology at issue. McKesson Info. Solutions LLC v. Epic Sys. Corp., 495 F. Supp. 2d 1329, 1333 (N.D. Ga. 2007). More specifically, it instructed that:

> The requirement that the alleged infringing party provide whatever information is "sufficient to show the operation" of the accused device or method carries with it a good faith obligation to provide the types of information that will enable the party asserting infringement to reasonably determine the operation of the accused device or method without undue burden or expense.

Id. at 1334.

## DISCUSSION

NessCap objects to Maxwell's Patent Local Rule 3.4(a) production on the grounds that the documents do not detail the relevant configuration of the accused Boostcap® ultracapacitors, provide no description of the internal structure and do not sufficiently show the operation of all aspects and elements of the accused products. Pl.'s Mem. at 5. According to NessCap, the document production accompanying Maxwell's Preliminary Invalidity Contentions consisted of two self-serving, work product declarations from a retained expert and one of Maxwell's employees and fifteen pages of publicly-available product specifications and data sheets for Maxwell's Boostcap® ultracapacitors, which NessCap describes as marketing materials as opposed to the required scientific and demonstrative documentation.[2] Id. at 1, 2, 6. NessCap seeks, at the

---

[2] Maxwell also produced several samples of its Boostcap® ultracapacitors. Additionally, though not the subject of the instant dispute, Maxwell did produce copies of the alleged prior art in compliance with Patent Local Rule 3.4(b).

very least, the design/production specifications and drawings for Maxwell's Boostcap® ultracapacitors as well as technical descriptions of their operation, tutorials, operating guides, testing reports, "and the like." Id. at 5. Because Maxwell's website states that the company is compliant with the "ISO 9001" standard, which requires companies to maintain accurate and detailed design and production specifications, NessCap contends that Maxwell must have in its possession the documents NessCap seeks. Id.

Maxwell asserts that NessCap overstates the requirements of Patent Local Rule 3.4(a) in arguing that the rule requires "<u>all</u> documentation sufficient to show the operation of any aspect or element of its accused products that Plaintiff identified in its infringement contentions" because Rule 3.4(a) does not contain the word "all." Def.'s Opp'n at 1 (quoting Doc. No. 36 at 1) (emphasis added). Thus, Maxwell argues it satisfied the requirement of producing "documentation sufficient to show..." by providing product specifications and data sheets from its website, expert declarations explaining the operation of the accused ultracapacitors, and twenty of the accused ultracapacitors. Id. at 1-2. Additionally, Maxwell notes that the Patent Local Rules do not specifically require pre-litigation documents and do not prohibit use of (a) publicly-available documents or (b) documents created specifically for the purpose of satisfying Rule 3.4(a)'s requirements. Id. at 1, 12.

The Court agrees with NessCap that Maxwell's document production does not satisfy the requirements of Patent Local Rule 3.4(a) because Maxwell did not provide documentation sufficient to show the operation of each of the claimed aspects of its Boostcap® ultracapacitors. Like the Northern District, this Court interprets the rule as requiring the alleged infringer to produce "***any and all documents*** describing the

operation or structures of [the patentee's] accused devices. . . ." <u>IXYS Corp.</u>, 2004 WL 1368860 at *3 (emphasis added); <u>see also</u> <u>Cryptography Research</u>, 2005 WL 1787421 at *2 (reading Patent Local Rule 3-4(a) as requiring production of "enough documentation to sufficiently show the operation of any aspects or elements of an Accused Instrumentality"). As Maxwell points out, the seven aspects of its Boostcap® ultracapacitors that NessCap alleges to be infringing are the: (1) "anode terminal," (2) "cathode terminal," (3) "metal layer," (4) "protrusion from the anode electrode" and "protrusion from the cathode electrode," (5) "electrode body," (6) "pressure adjusting means," and (7) "insulating film." Def.'s Opp'n at 3. The product specifications and data sheets Maxwell provided to NessCap disclose the dimensions, capacitance, shelf life, etc. of the accused ultracapitors, but do not illustrate the structure of the accused devices or provide sufficient information for NessCap to determine whether there is, for instance, a "pressure adjusting means." <u>See</u> Decl. of Brian M. Gaff Supp. Pl.'s Mot. to Compel, Ex. 1 at 18-33. Though the samples of the Boostcap® ultracapacitors provided by Maxwell allow NessCap to analyze their internal structure, Patent Local Rule 3.4(a) requires production of *documentation* sufficient to show the accused product's operation. Moreover, patent local rules generally anticipate that, where feasible, the patentee already has purchased samples of the allegedly infringing product and analyzed them *prior to* filing suit. <u>See</u>, <u>e.g.</u>, <u>Am. Video Graphics, L.P. v. Electronic Arts, Inc.</u>, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) ("plaintiffs are usually able to purchase defendants' products and ascertain the mechanics of how those products infringe before plaintiffs bring suit"). Thus, this rule offers the plaintiff a procedure for procuring additional information, which the plaintiff

could not obtain before initiating the litigation.

While the declarations of Roland Gallay (Maxwell's employee) and John R. Miller (Maxwell's retained expert) do provide some detailed photographs of the ultracapacitors' internal structure and more in-depth explanations of how the ultracapacitors operate (see Decl. of Brian M. Kramer Supp. Maxwell's Opp'n), the declarations were, as NessCap points out, prepared for the purpose of supporting Maxwell's argument of noninfringement.[3] The Court reads Patent Local Rule 3.4(a) as requiring the responding party to provide the raw data (source code, schematics, formulas, etc.) sufficient to show the operation of the accused aspects of the products in order to allow the patentee to make ***it's own*** determinations as to infringement. See McKesson, 495 F. Supp. 2d at 1334 (construing the rule as imposing a good faith obligation to "provide the types of information that will enable ***the party*** asserting infringement to reasonably determine the operation of the accused device or method without undue burden or expense") (emphasis added). To construe the rule otherwise would render it virtually useless. Declarations prepared in support of a noninfringement argument obviously are unlikely to provide objective evidence of infringement and, thus, are of little value to patentees. Thus, in order to obtain the raw

---

[3] This is confirmed by the Kramer Declaration, which lists Messrs. Gallay and Miller's declarations as having been filed with the Court on June 27, 2007, in support of Maxwell's Motion for Summary Judgment of Noninfringement (at Doc. No. 21-3 and 21-4). Kramer Decl. ¶¶ 3-4. Maxwell also points to another declaration from Mr. Miller, which it filed on November 1, 2006 in a related case (though the cases have not been consolidated) in this District (Case No. 06cv2311-JLS (BLM)), but this declaration also was prepared to support Maxwell's argument. Id. ¶ 5. It also is unclear whether Maxwell ever served the 2006 Miller declaration on NessCap in the instant case. See Gaff Decl., Ex. 1 at 5; Def's Opp'n at 2, 4.

data, patentees would be forced to serve requests for production of documents, thereby prolonging the discovery period, increasing costs, and defeating one of the primary purposes of enacting patent local rules, which is to "promote[] efficient discovery and reduce[] the potential for discovery disputes and wasted effort." McKesson, 495 F. Supp. 2d at 1332; Am. Video Graphics, 359 F. Supp. 2d at 560 (concurring with Northern District of California that patent local rules "are designed to streamline the discovery process" and "provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute"); IXYS Corp., 2004 WL 1368860 at *3 ("The Local [Patent] Rules exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush"); see also Townshend Intellectual Prop., LLC v. Broadcom Corp., 2007 WL 1994158, *2 (N.D. Cal. 2007) (explaining that the patent local rule governing preliminary infringement (as opposed to invalidity) contentions, "has been described as a 'streamlined' mechanism to replace the 'series of interrogatories that defendants would likely have propounded' in its absence").[4]  Thus, the Court rejects Maxwell's argument that service of the Gallay and Miller declarations satisfied its obligations under Patent Local Rule 3.4(a).

///

---

[4] For this reason, the Court also finds unavailing Maxwell's argument that its upcoming document production in response to NessCap's separately served requests for production of documents will render this motion moot. The patent local rules seek to streamline the discovery process, not to require parties to serve document requests seeking the same documentation covered by the rules.

In sum, the Court finds that Maxwell failed to comply with Patent Local Rule 3.4(a) and Paragraph 3 of this Court's Amended Case Management Conference Order.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's motion to compel. Maxwell is ordered to produce documentation in compliance with Patent Local Rule 3.4(a), as construed by this Order, on or before **January 23, 2008**. Maxwell is hereby warned that failure to comply with this Order may result in the imposition of sanctions.

**IT IS SO ORDERED.**

DATED: January 16, 2008

/s/ Barbara L. Major

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE JANIS L. SAMMARTINO
U.S. DISTRICT JUDGE

ALL COUNSEL